IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
SOUTHERN DIVISION

VU HOANG, *et al*.

                        Plaintiffs,

    v.

GEORGETOWN CONTRACTORS, INC., *et al.*,

                        Defendants.

Action No. 08:10–CV–2117—AW

## MEMORADUM OPINION

Pending before the Court is Georgetown Contractor's Motion to Dismiss (Doc. No. 16); Eastern Savings Bank's Motion to Dismiss Count VI of Complaint (Doc. No. 18); Plaintiff's Motion to Amend/Correct Complaint (Doc. Nos. 10, 24); and Consent Motion to Amend/Correct Complaint (Doc. No. 29). The Court has been notified that Defendant Eastern Savings Bank was voluntarily dismissed from this case. (Doc. No. 25). As such, the Court **DENIES-AS-MOOT** Eastern Savings Bank's Motion to Dismiss (Doc. No. 18). Additionally, the Court will **DENY-AS-MOOT** Plaintiff's Motions to Amend/Correct Complaint (Doc. Nos. 10, 24), as Plaintiffs have obtained consent from opposing counsel to amend their complaint. Therefore, this Memorandum Opinion will address Defendant Georgetown Contractor's Motion to Dismiss. The Court will treat the Motion to Dismiss as one seeking to dismiss Plaintiff's Amended Complaint. For the reasons articulated below Defendant's Motion is **DENIED**.

## FACTUAL AND PROCEDURAL BACKGROUND

Plaintiffs, Vu Hoang and Minh Ha Do Hoang, filed this case against Defendants Eastern Savings Bank, Allstate Property & Casualty Insurance Company ("Allstate") , and Georgetown

Contractors ("Georgetown") on August 2, 2010. (Doc. No. 2). Defendant Eastern Savings Bank was dismissed from this case on October 26, 2010 (Doc. No. 25). Plaintiffs are residents of Virginia. Defendant Georgetown is a Maryland Corporation with its principal place of business in Montgomery County, Maryland. Defendant Allstate is a corporation transacting business in the State of Maryland.

The facts giving rise to this case are as follows. On August 27, 2007, the home located on Plaintiffs' property was destroyed during a fire. Z.C. Sterling insured the property at that time. Subsequent to the fire, Plaintiffs filed claim for damages to the home. Plaintiffs allege that ZC Sterling approved the claim and sent the money to Eastern Savings Bank, who served as the mortgagee for the property. Z.C. Sterling allegedly sent this money to Eastern Savings bank in order hold in escrow while the home was being rebuilt on Plaintiffs' property. On October 2, 2008, Plaintiffs aver that, they and Defendant Georgetown (through Robert A. Yessler and Eugene A. Meader) entered into a construction contract. In this contract, Georgetown allegedly agreed to "clean-up, rebuild, and renovate the real property, furnishing all labor, materials, equipment and services necessary to complete the work of repairing and rebuilding the home" in exchange for $196,252.00 (Doc. No. 24, at 19). Plaintiffs aver that they obtained Builder's Risk insurance with Defendant Allstate through its agent, Mark Philpott.

Around October 2008, Defendant Georgetown began working on the renovation and construction of the home on Plaintiffs' property. According to Plaintiffs, Georgetown advised Plaintiffs that construction and renovation would be completed by April 2009. Plaintiffs posit that Eastern represented that they conducted inspections of the status of construction and renovation before they issued four draws to Defendant Georgetown, which totaled in the amount of $168,939.00.

Plaintiffs allege that Defendant Georgetown failed to properly complete the construction and renovation of the home in question, neglecting to install numerous components in the home, *inter alia*. Plaintiffs posit that Georgetown's failure to properly complete the construction work caused several aspects of the home to be damaged. Plaintiffs claim that they were forced to retain another contractor for the construction of the home in order to complete the home's construction and to correct the damage done to the home.

As of the date that the Complaint was filed, construction has not been completed on Plaintiffs' home, and Plaintiffs have not been able to reside in the home.

According to Plaintiffs, Defendant Allstate's agent, Mark Philpott, induced Plaintiffs into transferring their Builder's Risk policy into a homeowner's policy. Later, Defendant Allstate denied Plaintiffs' claim, and has not compensated Plaintiffs for their losses [fire or the construction]. Plaintiffs alleges Breach of Contract against Georgetown Contractors (COUNT I), Negligence against Georgetown Contractors (COUNT II), Unjust Enrichment against Georgetown Contractors (COUNT III); Breach of Fiduciary Duty (COUNT IV); Breach of Contract (COUNT V) against Allstate Property & Casualty Insurance. Defendant, Georgetown, has moved to dismiss Plaintiffs' claim for Unjust Enrichment as "Plaintiffs' claims arise under a written contract and therefore . . . the claim for unjust enrichment cannot be maintained." (Doc. No. 16).

## I. STANDARD OF REVIEW

The purpose of a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) is to test the sufficiency of the plaintiff's complaint. *See Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999). Except in certain specified cases, a plaintiff's complaint need only satisfy the "simplified pleading standard" of Rule 8(a), *Swierkiewicz v. Sorema N.A.*, 534 U.S.

506, 513 (2002), which requires a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). In two recent cases, the United States Supreme Court clarified the standard applicable to Rule 12(b)(6) motions. *See Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007). Those cases make clear that Rule 8 "requires a 'showing,' rather than a blanket assertion, of entitlement to relief." *Twombly*, 550 U.S. at 556 n.3 (2007). That showing must consist of at least "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570.

In its determination, the Court must consider all well-pled allegations in a complaint as true, *Albright v. Oliver*, 510 U.S. 266, 268 (1994), and must construe all factual allegations in the light most favorable to the plaintiff. *See Harrison v. Westinghouse Savannah River Co.*, 176 F.3d 776, 783 (4th Cir. 1999). The Court need not, however, accept unsupported legal allegations, *Revene v. Charles County Comm'rs*, 882 F.2d 870, 873 (4th Cir. 1989), legal conclusions couched as factual allegations, *Papasan v. Allain*, 478 U.S. 265, 286 (1986), or conclusory factual allegations devoid of any reference to actual events, *United Black Firefighters v. Hirst*, 604 F.2d 844, 847 (4th Cir. 1979). In addressing a motion to dismiss, a court should first review a complaint to determine what pleadings are entitled to the assumption of truth. *See Iqbal*, 129 S. Ct. at 1949-50. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* at 1949. Indeed, "the Federal Rules do not require courts to credit a complaint's conclusory statements without reference to its factual context." *Id.* at 1954. "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.*

## II. ANALYSIS

Plaintiffs' bring causes of action for Breach of Contract, Negligence and Unjust

Enrichment against Defendant, Georgetown Contractors. Defendant argues that Unjust Enrichment is a quasi-contract claim, and because Plaintiffs make a claim in contract they are precluded from making a quasi-contract claim. Plaintiffs contend that they should not be precluded from alternately making an Unjust Enrichment claim.

Quasi-contract remedies permit recovery, "where, in fact, there is no contract, but where circumstances are such that justice warrants a recovery as though there had been a promise." *Swedish Civil Aviation Admin. v. Project Management Enterprises*, 190 F.Supp.2d 785, 792 (D. Md. 2002) (citing *County Commissioners v. J. Roland Dashiell & Sons, Inc.*, 747 A.2d 600, 606 (2000)). Although a party may not recover under both a theory for breach of contract and unjust enrichment, a plaintiff "is not barred from pleading these theories in the alternative where the existence of a contract concerning the subject matter is in dispute." *Swedish Civil Aviation Admin.,* 747 A.2d at 792. "Fed R. Civ. P. 8(e)(2) states, in pertinent part, "[a] party may also state as many separate claims or defenses as the party has regardless of consistency and whether based on legal [or] equitable... grounds." *Id.* "Parties may plead alternative theories of liability, indeed as many theories as the facts will fit." *Id.* (citing *Polar Communications Corp. v. Oncor Communications, Inc.,* 927 F.Supp. 894, 896 (D.Md.1996)). Here, Defendant in its answer denies any contractual liability and therefore, even though Plaintiffs have brought a cause of action for breach of contract, they are not precluded from bringing other quasi-contract claims, including unjust enrichment. Therefore, while the Court recognizes that Plaintiffs will not be able to recover under both theories, Plaintiffs may plead alternatively under a theory of Breach of Contract and Unjust Enrichment.

### IV. CONCLUSION

For the foregoing reasons, Defendant's Motion for Dismissal for Count III is **DENIED**.

A separate Order will follow.


   November 9th, 2010
          Date
                                                /s/
                                       Alexander Williams, Jr.
                                       United States District Judge